FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 07, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANK W., <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,[1] <br><br> Defendant. | No. 2:24-CV-00099-RHW <br><br> ORDER GRANTING PLAINTIFF'S OPENING BRIEF, REMANDING FOR THE AWARD OF BENEFITS AND CLOSING THE FILE <br><br> **ECF Nos. 9, 11** |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response.  ECF Nos. 9, 11.  Attorney Christopher H. Dellert represents Plaintiff; Special Assistant United States Attorney W. Brian Jones represents the Commissioner of Social Security (Defendant).  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion, ECF No. 9, and **DENIES** Defendant's Motion, ECF No. 11.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the defendant in this suit.  No further action need be taken to continue this suit.  *See* 42 U.S.C. § 405(g).

ORDER - 1

# BACKGROUND

The facts of the case are set forth in detail in the transcripts of the proceedings, the two prior administration decisions and the prior district court remand order, and only briefly summarized here. Plaintiff was born in 1972 and has an eighth-grade education and a GED. He was 46 years old on the date of alleged disability. His past employment includes truck driving (both logging and oil tank) and logging.

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on September 4, 2019, alleging amended onset of disability beginning July 16, 2019. Tr. 73, 201-08, 2874. The applications were denied initially and upon reconsideration. Tr. 133-40, 143-48. Administrative Law Judge (ALJ) Michael Scurry held a hearing on April 27, 2021, Tr. 35-72, and issued an unfavorable decision on May 21, 2021. Tr. 12-34. The Appeals Council denied Plaintiff's request for review on April 7, 2022, Tr. 1-6, and Plaintiff filed an action in United States District Court for the Western District of Washington. Tr. 2976-78. On November 4, 2022, the Court reversed and remanded the claim for further proceedings. Tr. 2980-84. On March 3, 2023, the Appeals Council vacated the ALJ's decision and remanded the case to an ALJ for further proceedings consistent with the order of the court. Tr. 2992.

On October 31, 2023, ALJ Allen Erickson held a remand hearing. Tr. 2906-46. On January 25, 2024, ALJ Erickson issued a partially favorable decision, finding Plaintiff disabled from July 16, 2019, through October 31, 2020, but that medical improvement occurred and as of November 1, 2020, Plaintiff's disability ended. Tr. 2874-96. The Appeals Council did not assume jurisdiction of the case, and the ALJ's January 25, 2024, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 28, 2024. ECF No. 1.

ORDER - 2

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or

ORDER - 3

mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

If the claimant is found disabled at any point in this process, the ALJ must also determine if the disability continues through the date of the decision. The Commissioner has established a multi-step sequential evaluation process for determining whether a person's disability continues or ends. 20 C.F.R. § 404.1594 (2017). This multi-step continuing disability review process is similar to the five-step sequential evaluation process used to evaluate initial claims, with additional attention as to whether there has been medical improvement. *Compare* 20 C.F.R. § 404.1520 *with* § 404.1594(f) (2017).

## ADMINISTRATIVE DECISION

On January 25, 2024, the ALJ issued a decision, finding Plaintiff was disabled from his alleged onset date of July 16, 2019, through October 31, 2020, but that medical improvement occurred and as of November 1, 2020, Plaintiff's disability ended. Tr. 2874-96.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through December 31, 2023, had not engaged in substantial gainful activity since July 16, 2019, the date Plaintiff became disabled. Tr. 2878.

At step two, the ALJ determined Plaintiff had the following severe impairments during the period he was disabled, July 16, 2019, through October 31,

2020: status post-rectal cancer with surgeries and treatment; major depressive disorder (MDD); and social anxiety disorder. *Id*.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments during the period he was disabled. Tr. 2880.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found that from July 16, 2019, through October 31, 2020, Plaintiff could perform light work, with the following nonexertional limitations:

> [N]o climbing ladders, ropes, or scaffolds; occasional climbing ramps and stairs; no crawling; no exposure to vibration and extreme heat; occasional exposure to hazards; ready access to bathroom facilities (within 100 feet of work station); understand, remember, and apply detailed, not complex, instructions; perform predictable tasks; not in a fast paced, production type environment where there is an assembly line or high hourly quota; exposure to occasional workplace changes; occasional interaction with the general public, coworkers, and supervisors, but not in team oriented environment; and would consistently miss more than 1 workday per work month.

Tr. 2881.

At step four, the ALJ found Plaintiff could not perform past relevant work. Tr. 2886.

At step five, the ALJ found that during the period he was disabled, from July 16, 2019, through October 31, 2020, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were no jobs that existed in significant numbers in the national economy that Plaintiff could have performed. Tr. 2887.

The ALJ thus concluded Plaintiff was under a disability within the meaning of the Social Security Act from July 16, 2019, through October 31, 2020. Tr. 2888.

The ALJ then determined that medical improvement occurred as of November 1, 2020, the date Plaintiff's disability ended; Plaintiff's impairments remained the same and he did not have an impairment that met or medically equaled a listing; and that the medical improvement that occurred was related to the ability to work because there had been an increase in Plaintiff's residual functional capacity, in that he would no longer consistently miss more than 1 workday per work month. Tr. 2888, 2890.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) beginning November 1, 2020, and determined that since that time Plaintiff could perform light work, with the following nonexertional limitations:

> [N]o climbing ladders, ropes, or scaffolds; occasional climbing ramps and stairs; no crawling; no exposure to vibration and extreme heat; occasional exposure to hazards; ready access to bathroom facilities (within 100 feet of work station); understand, remember, and apply detailed, not complex, instructions; perform predictable tasks; not in a fast paced, production type environment where there is an assembly line or high hourly quota; exposure to occasional workplace changes; occasional interaction with the general public, coworkers, and supervisors, but not in team oriented environment.

Tr. 2890.

The ALJ found that as of November 1, 2020, Plaintiff was still unable to perform past relevant work, and that his age category had changed to an individual closely approaching advanced age. Tr. 2895.

The ALJ found that as of November 1, 2020, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, including the jobs of marker, router, and small products assembler. Tr. 2895-96.

ORDER - 6

The ALJ thus concluded Plaintiff was under a disability within the meaning of the Social Security Act from July 16, 2019, through October 31, 2020, but that Plaintiff's disability ended November 1, 2020, and that he had not become disabled again since that date. Tr. 2888, 2896.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and Title XVI of the Social Security Act. The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff raises the following issues for review (1) whether the ALJ erred by failing to comply with the prior remand order; (2) whether the ALJ erred by failing to meet his burden to show Plaintiff experienced medical improvement as of November 1, 2020; (3) whether the ALJ properly evaluated the medical opinion evidence; and (4) whether the ALJ properly evaluated Plaintiff's symptom complaints. ECF No. 9 at 2.

**DISCUSSION**

**A.    Medical Opinions**

Plaintiff contends the ALJ improperly evaluated the medical opinion evidence. ECF No. 9 at 14-15.

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

ORDER - 7

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaced the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790,

ORDER - 8

792. Even under the 2017 regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

    1. *Dr. Wright*

    In May 2023, Dr. Wright provided an opinion concerning Plaintiff's ability to perform work-related activities. Tr. 3339. Dr. Wright noted he is a surgeon and had recently started treating Plaintiff for a stomal hernia. *Id*. He opined Plaintiff would require on average three breaks per eight-hour workday to clean his colostomy bag, and that on average he would need 11-20 minutes during each break to do this. *Id*. Dr. Wright explained Plaintiff was "dealing with significant challenges related to his colostomy care that make daily work extremely difficult if not impossible." *Id*.

    The ALJ found Dr. Wright's opinion unpersuasive for the entire period at issue because was not supported and inconsistent with records showing some limitations but not to the extent suggested by Dr. Wright. Tr. 2884. The more relevant objective evidence and supporting explanations that support a medical opinion, and the more consistent an opinion is with the evidence from other sources, the more persuasive the medical opinion is. 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ concluded that Dr. Wright's opinion was not supported because: "the doctor does not indicate that these breaks would need to be in addition to normal breaks"; his opinion was not well supported by observations on physical exam "including no tenderness" and was inconsistent with the medical record because "there is no indication in the medical record at all that [Plaintiff] had to do this or had difficulty managing his ostomy"; and records showed Plaintiff had "been independent with his colostomy care . . . with little to no complaints to treating providers" and he had only "more recently developed some hernia issues, which he only described as 'somewhat uncomfortable.'" Tr. 2884. Each of these reasons are unsupported by substantial evidence.

ORDER - 9

In terms of breaks, clarification as to whether breaks needed to clean the colostomy bag would be in addition to normal breaks was the primary reason the claim was remanded to the ALJ. Dr. Wright indicated Plaintiff would require, on average three breaks to clean his colostomy bag each day, and that on average he would need 11-20 minutes during each break to perform this activity. Tr. 3339. The language on Dr. Wright's form specifies that this is time needed "during each break to clean his colostomy bag." *Id*. The ALJ's finding that Dr. Wright's opinion was not persuasive for the entire period at issue because he did "not indicate that these breaks would need to be in addition to normal breaks" is not supported by substantial evidence.

The ALJ also discounted Dr. Wright's opinion because it was not well supported by observations on physical exam and was inconsistent with the medical record because Plaintiff had only "more recently developed some hernia issues, which he only described as 'somewhat uncomfortable.'" Tr. 2884. The more relevant objective evidence and supporting explanations that support a medical opinion, and the more consistent an opinion is with the evidence from other sources, the more persuasive the medical opinion is. 20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). Additionally, An ALJ must consider all the relevant evidence in the record and may not point to only those portions of the records that bolster his findings. *See, e.g., Holohan v. Massanari*, 246 F.3d 1195, 1207-08 (9th Cir. 2011) (holding that an ALJ cannot selectively rely on some entries in plaintiff's records while ignoring others).

Here, the ALJ found Dr. Wright's opinion was not well supported by observations upon exam, including no tenderness, or Plaintiff's description of related symptoms. Tr. 2884. The ALJ cited to one normal exam finding from one exam, but failed to address Dr. Wright's many other observations upon physical exam. Dr. Wright's findings showed "significant eventration around the ostomy in the [l]eft [m]id [a]bdomen," Tr. 3432, "fairly bothersome bulging around the

ORDER - 10

ostomy site with poor stomal appliance fitting," as well as "some pain around the site of the stoma . . . most bothered by frequent issues related to the stomal appliance." Tr. 3430. At another visit in April 2023 Dr. Wright explained:

> to recap, he developed a high grade distal colonic obstruction in 2019/2020 secondary to a Locally Advanced Rectal Cancer, necessitating Diverting Loop Colostomy and Neoadjuvant Chemoradiation, followed later by Completion APR and End Colostomy. Soon after, he began to develop bulging around the stoma that has only worsened since with pain in the area and a consistently unstable appliance. He is currently homeless and essentially stays outside.

Tr. 3376. Dr. Wright noted attempt at surgical repair was warranted, although he noted that the "area of eventration may persist and this the general bulging in the area may not be resolved to a significant enough degree to improve his stomal function and satisfaction." *Id*. Dr. Wright expressed a "relatively high risk of recurrence" and concern about Plaintiff's recovery from any surgery, as he was homeless. Tr. 3377-38. Dr. Wright also noted CT imaging in March 2023 showed "a moderate amount of bowel herniated along the ostomy in the left mid abdomen" without obstruction or compromise; and the radiologist's impression was "stomal hernia with protruding small bowel." Tr. 3432; *see* Tr. 3442.

Plaintiff testified that the poor fit caused by the persistent stomal hernia caused problems including leaking, and made it hard to clean, change and put everything back on – all issues relevant to the need for breaks and the length of time he would dedicate to colostomy care each work-day. Tr. 2927-30.

None of these additional findings made by Dr. Wright or descriptions by Plaintiff are mentioned by the ALJ, who concluded Plaintiff's disability ended as of November 1, 2020, because he experienced medical improvement because his "chemo/radiation therapy end[ed] months before, and effects therefrom diminished by October 2020" and "thereafter, few physical issues are indicated, no significant complications are noted, and he has remained clear of cancer to date." Tr. 2890-

ORDER - 11

91. Records, however, show persistent stomal hernia as of January 2020, a complication of Plaintiff's cancer treatment which, as noted by Dr. Wright, caused Plaintiff difficulty with his colostomy throughout the period at issue. *See, e.g.*, Tr. 1271, 1276-78, 3366, 3376, 3430, 3442, 3478, 3482, 3521.

The ALJ's conclusion Dr. Wright's opinion was not persuasive because it was not well supported by observations on physical exam and was inconsistent with the medical record is also not supported by substantial evidence.

Accordingly, the ALJ failed to provide reasons supported by substantial evidence to discount Dr. Wright's opinion.

**B.     Prior Remand Order**

Plaintiff also contends the ALJ erred by failing to comply with the prior remand order.

In Social Security cases, when a case is remanded to an ALJ, the ALJ must take any action ordered by the appeals council and must follow the specific instructions of the reviewing court. 20 C.F.R. § 416.1477; *Samples v. Colvin,* 103 F. Supp. 3d 1227, 1231-32 (D. Or. 2015). This case was previously remanded by the district court for the ALJ to "further develop the record regarding the vocational limitations resulting from Plaintiff's need to change his colostomy bag and reconsider any other parts of the decision as needed." Tr. 2984. The district court determined this development of the record was required because the vocational expert at the 2021 hearing "referenced breaks totaling one hour to cover changing the colostomy bag and laying down due to rectal pain, but it is not clear how long the colostomy-related breaks would be." *Id*. The court ordered further development of the record on remand to determine colostomy-related breaks. *Id*.

The record on remand clearly evidenced Plaintiff had locally advanced cancer that was treated with surgery, including removal of his rectum and portions of his colon, followed by extensive recovery as well as chemotherapy and radiation. This treatment did resolve his cancer, but Plaintiff testified, and

ORDER - 12

treatment records and medical opinions support, that he has experienced residuals and complications[2] of treatment; and he requires a colostomy bag, which must be emptied and cleaned several times a day and is complicated by "issues with abdominal wall eventration and herniation around current stomal site." *See, e.g.*, Tr. 3339, 3366, 3376, 3430, 3432-33, 3478-79, 3482, 3519-21.

At the remand hearing, Plaintiff again provided detailed testimony about his extensive rectal cancer treatment that resolved the cancer but left him with severe complications throughout the period at issue, including a persistent stomal hernia which caused problems with fit and adhesion of the colostomy appliance to his stoma, required additional surgeries, and caused issues with the stoma including

---

[2] Despite the ALJ's finding that after October 2020 there were few physical issues and no significant complications noted, records show several complications/residuals from treatment, in addition to the stomal hernia, which were not addressed by the ALJ or discounted at step two. These include evidence of persistent peripheral neuropathy in his upper extremities and feet from chemotherapy; difficulty with urination and frequent urination, as well as damage to the perineum from radiation, and large hydrocele(s), that his providers noted should be addressed at the time of stomal hernia surgical repair. *See, e.g.*, Tr. 1245-46, 1284, 1287, 3479, 3482, 3366, 3520-21. Records also show a left shoulder impairment (Hill-Sachs deformity) that caused recurrent dislocation of the left shoulder, requiring sedation and manual reduction when this occurred; objective findings include imaging not addressed by the ALJ as well as clinical findings including loss of range of motion and reaching ability. *See, e.g.*, Tr. 21, 25, 2880, 3521, 3367. Notably, the prior (2021) ALJ decision found a severe shoulder impairment, but the current ALJ discounted it at step two, and did not include any reaching limitations in the RFC.

ORDER - 13

pain, as well as difficulty keeping a colostomy bag attached and clean throughout and after the period the ALJ determined he was disabled. Tr. 2921-30.

The remand record included the medical opinion of Dr. Wright, who clarified the amount of time (11-20 minutes each break) required for colostomy cleaning during a workday. The opinion is consistent with Plaintiff's symptom reports as well as the vocational expert testimony at both administrative hearings that such breaks would be work preclusive. See, e.g., Tr. 70, 2912-13, 2927-30, 2944, 3339. Indeed, at the 2023 remand hearing, the vocational expert explained that an hour each day dealing with a colostomy bag "would significantly impact productivity" and "their job would be in jeopardy fairly soon due to the lost time on the task." Tr. 2944. Dr. Wright also explained Plaintiff was "dealing with significant challenges related to his colostomy care that make daily work extremely difficult if not impossible." Tr. 3339. Despite having the benefit of Dr. Wright's opinion, as discussed *supra*, the ALJ discounted the opinion for reasons that were not supported by substantial evidence.

Despite describing Plaintiff's testimony as "compelling" and unembellished, the ALJ found Plaintiff disabled for only a portion of the period at issue and claimed to have "addressed the specific issues raised in the District Court's order and the Appeal Council's remand order." Tr. 2874. While the ALJ did list several complications and/or residuals of Plaintiff's treatment (including hernia, poor stoma appliance fitting, "significant eventration" as well as perineal post-radiation), he ALJ failed to assess the ongoing effects of any of these complications and failed to further develop the record regarding vocational limitations specifically resulting from Plaintiff's need to change his colostomy bag or to account for the resultant need for breaks.

Accordingly, the ALJ's decision again failed to account for Plaintiff's need for breaks to change his colostomy bag and failed to "further develop the record

ORDER - 14

regarding the vocational limitations resulting from Plaintiff's need to change his colostomy bag" as ordered by the district court on remand.  This is reversible error.

**C.    Symptom Claims and Medical Improvement**

Plaintiff also contends the ALJ also erred by improperly rejecting Plaintiff's subjective complaints and erred in finding medical improvement as of November 1, 2020.  ECF No. 9 at 10-13, 18.

Having determined the claim will be remanded on other grounds, and as the issue of medical improvement is generally addressed by the discussion of errors in relation to Dr. Wright's opinion and compliance with the remand order, discussed *supra*, the Court declines to reach the additional issues. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision Plaintiff was disabled from his amended alleged onset date, July 16, 2019, through October 31, 2020, but was no longer disabled as of November 1, 2020, is not supported by substantial evidence and not free of harmful error.  Plaintiff argues the decision should be reversed and remanded for the payment of benefits as of the date the ALJ determined he was no longer disabled.  ECF No. 9 at 19.  The Court agrees.

The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292.  The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*.  Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  In this case, the record is adequate for a proper determination to be made, and further development is not necessary.

  The Ninth Circuit has set forth a three part standard for determining when to credit improperly discounted evidence as true: (1) the record has been fully developed and further administrative proceedings would serve no purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting the evidence in question; and (3) if the improperly discredited evidence were credited as true the ALJ would be required to find Plaintiff eligible for benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

  In this case, all three parts of the standard are met. The record has been fully developed and further proceedings are not necessary. As discussed *supra*, the ALJ failed to provide legally sufficient reasons to discount the medical opinion of Dr. Wright, failed to account for Plaintiff's required breaks to change his colostomy bag, and failed to further assess vocational limitations resulting from Plaintiff's need to change his colostomy bag as previously ordered by the district court. Therefore, the second prong of the credit-as-true rule is met. The third prong of the credit-as-true rule is satisfied because if the medical opinion of Dr. Wright was credited as true, the ALJ would be required to find Plaintiff disabled.

  Finally, the record as a whole does not leave serious doubt as to whether Plaintiff was disabled during the period at issue. *See Garrison*, 759 F.3d at 1021. Plaintiff underwent treatment for advanced cancer with extensive surgeries and recovery, as well as subsequent chemotherapy and radiation therapy, which resolved the cancer but left him with complications, including stomal hernia, which persisted throughout the period at issue. The complications caused problems with fit and adhesion of the colostomy appliance to his stoma, required additional surgeries. His surgeon, Dr. Wright, explained Plaintiff was "dealing with significant challenges related to his colostomy care that make daily work extremely difficult if not impossible." *Id*. The ALJ himself noted Plaintiff's compelling testimony, which Plaintiff repeated at two hearings. At the time of the second

hearing, Plaintiff was homeless, causing his providers significant concern about his prognosis.

Moreover, the credit-as-true rule is a "prophylactic measure" designed to motivate the Commissioner to ensure that the record will be carefully assessed and to justify "equitable concerns" about the length of time which has elapsed since a claimant has filed their application. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (internal citations omitted). Here, Plaintiff filed for benefits 2019, and the case was already remanded once by the Western District of Washington in 2022. While on remand the ALJ found Plaintiff disabled for 15 months of the period at issue, the ALJ failed to follow the district court's remand order and failed to properly assess medical opinion evidence that showed ongoing disability, confirmed by vocational expert testimony. As discussed above, this Court is remanding for the same error, as the ALJ again failed to account for Plaintiff's need for breaks to change his colostomy bag and failed to further develop the record regarding vocational limitations resulting from the need to change his colostomy bag as previously ordered by the district court. Considering the delay of ongoing benefits in a case that was filed over five years ago, and harmful errors by the ALJ over two decisions, it is appropriate in this case for this Court to use its discretion and apply the "credit as true" doctrine pursuant to Ninth Circuit precedent.

As such, the Court recommends the case be remanded for an immediate calculation of benefits as of the date the ALJ determined he was no longer disabled.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Opening Brief, **ECF No. 9**, is **GRANTED**. The Commissioner's decision is **REVERSED** and this matter is **REMANDED** to the Commissioner of Social Security for the immediate calculation and award of benefits as of the date the ALJ determined Plaintiff was no longer disabled.

2. Defendant's Brief in Response, **ECF No. 11**, is **DENIED**.

3. Upon proper presentation, the Court will consider Plaintiff's application for fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

The District Court Executive is directed to update the docket sheet to reflect the substitution of Frank Bisignano as Defendant, enter this Order, **ENTER JUDGMENT** in favor of Plaintiff, forward copies to counsel, and **CLOSE THE FILE.**

DATED July 3, 2025.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

ORDER - 18